UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
Pierre Browning,

                           Plaintiff,

    -v-

The City of New York, New York City Police Department ("NYPD") Officer ("P.O.") Samuel Bastista, Sgt. Brian Padovani, P.O. Giselle Peralta, and Police Officer Shamere Boland, in their individual capacities,

                           Defendants.
----------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16 CV 7470 (AKH)

       Plaintiff Pierre Browning, by his attorneys David B. Rankin of Beldock Levine & Hoffman LLP and Michael L. Spiegel for his second amended complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Pierre Browning's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, assaulted, and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

///

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Pierre Browning is, and was at all times relevant to this action, a resident of the County of the Bronx in the State of New York.

8. Defendant The City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") Samuel Bastista (Shield No. 5910), Sgt. Brian Padovani and P.O. Giselle Peralta (Shield No. 16287), and Police Officer Shamere Boland collectively the ("individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at

all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

11. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

12. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

13. The individual defendants are being sued herein in their individual and official capacities.

## STATEMENT OF FACTS

14. Mr. Browning was unlawfully arrested by P.O. Batista and P.O. Giselle Peralta on June 18, 2014, shortly after midnight at the corner of Fox Street and East 163rd Street in Bronx County in the State of New York.

15. Shortly before midnight on June 17, 2014, Mr. Browning was standing outside a store across the street from his apartment, talking to a friend.

16. Mr. Browning was approached by P.O. Batista and P.O. Peralta.

17. The officers requested they be allowed to search Mr. Browning's bag. He did not provide consent.

18. Additional NYPD police officers arrived at the corner.

19. The individual defendants assaulted Mr. Browning causing him physical injury.

20. Mr. Browning was then arrested without cause.

21. Mr. Browning was then transported to the 41st Precinct Stationhouse.

22. Mr. Browning was charged with Assault in the Second Degree (P.L. § 120.05(3)), Assault in the Third Degree (P.L. § 120.00(2)), Resisting Arrest (P.L. § 205.30), and Harassment in the Second Degree (P.L. § 240.26(1)).

23. These charges were based upon the false statements of P.O. Batista.

24. Sgt. Padovani falsely alleged to have been injured by Mr. Browning.

25. The remaining individual defendants also failed to intervene in the assault and unlawful arrest of Mr. Browning.

26. Mr. Browning was held for many hours and forced to appear in court on many occasions before Mr. Browning accepted an Adjournment in Contemplation of dismissal on August 5, 2016, and the charges were thereafter dismissed.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983**
**(Against the individual defendants)**

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By their conduct and actions in falsely arresting plaintiff, fabricating evidence, abusing criminal process, maliciously prosecuting, and by failing to intercede to prevent the complained of conduct, individual defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments.

29. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional

distress, physical injury, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**<u>VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS</u>**
(*Against the City of New York*)

30.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31.     At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32.     At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

33.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, physical injury, humiliation, , loss of property, costs and expenses, and was otherwise damaged and injured.

///

## JURY DEMAND

35. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That he be awarded punitive damages against the individual defendants; and

    c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated: September 28, 2017
New York, New York

Respectfully submitted,

/s/
By: _____
David B. Rankin
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Fl.
New York, NY 10016-1601
t: 212-277-5825
e: DRankin@blhny.com

_____/s/_____
Michael L. Spiegel, Esq.
11 Park Place, Suite 914
New York, New York 10007
t: 212-587-8558

*Attorneys for the Plaintiff*